MORRISON FOERSTER

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

AUSTIN, BEIJING, BERLIN, BOSTON,
BRUSSELS, DENVER, HONG KONG,
LONDON, LOS ANGELES, MIAMI,
NEW YORK, PALO ALTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

June 12, 2023

Writer's Direct Contact
+1 (415) 268-7663
MBurshteyn@mofo.com

The Honorable Eric Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East, Courtroom 6G North,
Brooklyn, NY 11202

Re: ***All In Bits, Inc. v. Grace Yu***, Case No. 23-cv-02270-EK-RML

Honorable Judge Komitee:

We write on behalf of Plaintiff All in Bits, Inc. ("AiB") and pursuant to Your Honor's Individual Rules and Practices III.B. Should the Court allow Defendant Grace Yu's ("Defendant") forthcoming Motion to Dismiss, AiB intends to oppose and proceed to briefing on the motion.[1]

### 1. Defendant's Anti-SLAPP arguments fail.

This is a breach of contract case, not a defamation case. AiB alleges that Defendant breached her Consulting Agreement by disparaging AiB. Defendant's disparaging claims include, but are not limited to, calling AiB a "pathological and hostile organization," accusing AiB of using "non competes in jurisdictions where they know them to be illegal," alleging that AiB has "an established history of bullying, harassment, and discrimination," that its CEO is a "fraud of decentralization," that AiB has engaged in "consolidation of power" despite "promised devolution" in its "restructuring efforts," and that AiB does "not support open-source development[.]" (ECF No. 15, ¶ 43, 48, 78, 86, 87.)

As a threshold matter, New York's anti-SLAPP law is not applicable to claims brought in Federal Court. The Second Circuit has held that anti-SLAPP statutes "establish[] the circumstances under which a court must dismiss a plaintiff's claim before trial, a question that is already answered (differently) by Federal Rules 12 and 56." *La Liberte v. Reid*, 966 F.3d 79, 87 (2d Cir. 2020) (internal quotations omitted). This means Defendant "cannot here invoke any of the relevant New York anti-SLAPP law's provisions." *Carroll v. Trump*, 590

---

[1] Although Defendant filed her motion on June 9, 2023 (ECF No. 17), Plaintiff files its response to Defendant's pre-motion conference letter pursuant to the five-day deadline provided in the Court's rules. Plaintiff welcomes the opportunity to engage in a pre-motion conference, subject to the Court's discretion.

F. Supp. 3d 575, 583-85 (S.D.N.Y. 2022) (noting that the "Second Circuit's recent decision" in *La Liberte* "requires [this] conclusion").

Even if the anti-SLAPP statute did apply in this Court, it would not apply to AiB's breach of contract claims. Defendant, by "expressly agree[ing] to refrain from making certain comments," made a "specific waiver of [her] right to bring an anti-SLAPP action." *Heritage Springs Sewer Works, Inc. v. Boghosian*, 173 N.Y.S.3d 443, 456 (N.Y. Sup. Ct., Saratoga Cnty. 2022). The same holds true under California law. *See Navellier v. Sletten*, 52 P.3d 703, 712 (Cal. 2002) ("[A] defendant who in fact has validly contracted not to speak or petition has in effect 'waived' the right to the anti-SLAPP statute's protection in the event he or she later breaches that contract.").[2]

  2. **Defendant's attempt to characterize her disparaging statements as mere opinion does not avoid AiB's breach of contract claim either.**

Defendant attempts to read a defamation standard into every part of her non-disparagement contract. Yet she ignores that pursuant to that contract, she may not make "derogatory" statements about AiB, whether "directly" or "indirectly." And she ignores that the contract bars "disparaging, derogatory . . . *or* false" statements—*i.e.*, she ignores that falsity is not required for a statement to be disparaging or derogatory. (ECF No. 15, ¶ 32 (emphasis added).) She has breached this requirement with numerous derogatory statements, including that AiB uses "unethical practices," abuses developers, and is a "sociopathic, diabolical, and hostile organization." (*Id.* ¶ 43, 80, 85.) Defendant also must refrain from disparaging, misleading, or false statements. (*Id.* ¶ 32). She has violated each obligation. (*See*, *e.g.*, *id.* at ¶ 43, 44, 82, 86, 87.)

The cases Defendant cites are inapposite as they concern common law defamation rather than breach of a contractual non-disparagement clause through derogatory and misleading statements, among other things. The *Jacob v. Lorenz* case Defendant cites, for example, was a libel case against the New York Times for an article about TikTok influencers. No. 21-Civ-6807, 2022 WL 4096701, at *11 (S.D.N.Y. 2022). The New York Times did not have a non-disparagement contract with the plaintiff. The *Jacobus* case is similarly about defamation concerning a politician. *Jacobus v. Trump*, 51 N.Y.S.3d 330, 337 (N.Y. Sup. Ct.,

---

[2] Plaintiff reserves the right to contest Defendant's other claims on the merits, should the motion proceed to briefing. Contrary to Defendant's assertions, this dispute does not implicate matters of public interest. It is a breach of contract dispute related to a former contractor. And Plaintiff's Supplemental Complaint contains multiple specific allegations that Defendant made knowing false statements to disparage AiB. (*See*, *e.g.*, ECF No. 15, ¶ 44–46.)

N.Y. Cnty.), *aff'd*, 156 A.D.3d 452 (1st Dep't 2017).  It is not a breach of contract case involving a former contractor.  *Id.*

### 3. California Government Code section 12964.5(a) does not impact the validity of Defendant's contracts with AiB.

Defendant argues that the Supplemental Complaint should be dismissed because the non-disparagement and confidentiality provisions in her Consulting Agreement are supposedly unenforceable under California Government Code section 12964.5(a).  That statute has no application here.

As AiB alleges, "AiB engaged Defendant, on an independent contractor basis, for strategy and consulting services."  (ECF No. 15, ¶ 1, 30.)  Because Defendant was an independent contractor, and not an employee, Section 12964.5(a) does not apply to her agreements with AiB.  Section 12964.5(a) expressly states:  "It is an unlawful **employment** practice for an **employer**, in exchange for a raise or bonus, or as a condition of **employment** or continued **employment**, to do either of the following:  [i] [f]or an **employer** to require an **employee** to sign a release of a claim or right under this part [or ii] [f]or an **employer** to require an **employee** to sign a nondisparagement agreement or other document to the extent it has the purpose or effect of denying the **employee** the right to disclose information about unlawful acts in the workplace."  Cal. Gov't Code § 12964.5(a)(1), emphasis added.

The statute is clear—it applies to agreements with employees, not independent contractors such as Defendant.  Nothing in the statute suggests otherwise.  *See*, *e.g.*, *Jimenez v. Quarterman*, 129 S. Ct. 681, 685 (2009) ("As with any question of statutory interpretation, [the court's] analysis begins with the plain language of the statute. . . It is well established that, when the statutory language is plain, [the court] must enforce it according to its terms.") (collecting cases).  Because the statute does not apply to Defendant's agreements, it cannot render them unenforceable.

The Court should, for these and other reasons, deny Defendant's motion to dismiss.

Respectfully Submitted,

*/s/ Michael Burshteyn*

Michael Burshteyn (*pro hac vice*)